```
                    UNITED STATES DISTRICT COURT
                              IN THE
                    SOUTHERN DISTRICT OF FLORIDA
```



ROGERIO CHAVES SCOTTON )
        Movant, )
                     )
                     )
        vs. )   CASE NO: 17-CV-62428
                     )
UNITED STATES OF AMERICA, )
        Respondent. )

**MOVANT'S MOTION REQUESTING RELEASE PENDING RESOLUTION TO HIS SECTION 2255 OR ALTERNATIVE TO HOME CONFINEMENT FOR GOOD CAUSE**

Comw now, the Movant Rogerio Chaves Scotton, by and through pro se, respectfully moves this Honorable Court with this motion to requesting release pending a resolution of his § 2255 or the alternative to home confinement for good cause. In support of this motion, the Movant stated as follows:

I. **INTRODUCTION**

1) During almost five years of having been denied due process, on March 20, 2019, District Court Judge Federico A. Moreno was removed from the Movant's case pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455 because his inappropriate actual and apparent bias. As resulted the Movant's constitutional rights to a fair judicial process were violated.

2) The Judge's recusal establishes that the Movant's constitutional were violated. As result, those violations cannot be reversed. In fact, unlawful the judge denied the Movant's § 2255 on December 28, 2017 which cause two years delay for Movant's § 2255 be review.

3) Movant's § 2255 raised substantial claims that is likely to result in reversal of this conviction.

4) The Movant has already served seven years in prison as result of these orchestrated prosecution and violations that occurred during pretrial, trial, sentencing, appeal and throughout this case.

5) The remain of the term imposed by the Court is coming to an end with the balance to Movant's sentencing being 8 months (counting seven days of GCT under first step act).

6) The Movant is not considered a flight risk or poses danger to the safety of any person or any danger to the community upon release.

7) The Movant has longer ago acknowleged ICE detainer which was lodged on May 28, 2012. On Many occasion the Movant have attempted to prosecute such detainer by sent numerous certified letter to ICE-ERO Savannah, ICE-ERO Atlanta, ICE-ERO Miami, ICE-ERO Okland Park and ICE-ERO Virginia. The Movant never receive any response. Thus, the ICE detainer was not lodged with the intention to remove. Rather was lodged for prosecution purpose. However, ICE violated the detainer act and failed to comply and/or prosecute such. Therefore, this should not be used maliciously as excuse to not release.

## II. WHETHER MOVANT IS ENTITLED TO RELASE BASED ON HIS SUBSTANTIAL CLAIMS SET FORTH UNDER HIS § 2255 AND BASED ON SHOWS BIAS BY JUDGE MORENO.

The Movant contends that the Court should release him based on the claims set forth in his § 2255, the proven bias and unlawful conduct show by Judge Moreno and the remaining of his sentencing imposed. Or the Court should consider the alternative to place the Movant in home confinement pending a resolution of his § 2255.

During the past five years, Judge Moreno denied the Movant his rights to due process. Numerous motions and request for relief were denied without proper review, explanation by law or even have requested the government to respond.

There is a reasonable chance that the Movant would have been give some relief had the Court not engaged in such vindictive bias. Specialy during the direct appeal when the Sentencing Commission made changes to the financial table pursuant to amendment 791.

Nonetheless, this court should consider the Movant release under home confinement because the Court knows that the Movant is not likely to flee after having served a substantial amount of time of the imposed sentence. The remain of eight months is shortly even takes in consideration the normal time to review application under § 2255.

The Movant poses no danger to the community or the safety of any person if released. And the violalion in this case, combine with the unlawful conduct of Judge Moreno over the past five years in this case, is likely to result in reversal, or a new trial or complete dismissal of this orchestrated prosecution.

Since the numerous unlawful conduct set forth under this § 2255 as well as Judge's unlawful conduct, the Movant right to be released or to be placed to a home confinement should not be simply discretionary but rather mandatory. UNITED STATES v. ABUHAMRA, 389 F.3d 309, 319 (2nd cir. 2004); UNITED STATES v. ENGLISH, 629 F.3d 311-370(2nd cir. 2001).

### III. WHETHER MOVANT POSES RISK OF FLIGHT OR DANGER TO THE COMMUNITY

There can be no dispute that the Movant who has no prior criminal history, has lived in the United States for more than 30 years an have family here, poses a flight risk. Thus, he is entitle to be release.

The Movant does not poses any danger to any person or any danger to the community. This case has no drugs, violence, nor weapon involved. In fact, the Movant was involved in help the community on many occasions as a professional race car driver.

From the Court's perspective and the issue presented in the § 2255, there would't be any contest as to the factor that the remainder of the Movant's sentence is short

(3)

after more than 82% served. Thus, the record reflects Movant's determination to clear his name from the alleged offense. However, denying release pending resolution to his § 2255 which he raises substantial grounds for reverse, may force the Movant to serve the remaining of the term which was imposed in violation of constitutional rights.

This Court can clearly see that numerous ruling in this case were made without proper explanation or allowing the Movant due process. Worse yet, those ruling were made unlawful and by an impartial bias Judge. Combine with the violations set forth in this case, the Movant constitutional rights were seriously violated.

### IV. THE MOVANT § 2255 RAISES SUBSTANTIAL CLAIMS OF CONSTITUTIONAL VIOLATION AND EXTRAORDINARY AND EXCEPTIONAL CIRCUMSTANCES TO EXIST FOR RELEASE

The Movant contends that in this case, release is warranted pending resolution of his § 2255 because raises substantial constitutional claims upon which he has hight probability of success. And, extraordinary and exceptional circumstance exist because the Movant was denied the proper medical attention and only given the option prescription pain killer and injections for his continued chronic back and psychiatic injury. Pysical therapy is needed as was suggested by Dr. Thomas. However, the for profit facility does not offer the option and has refuse to transfer the Movant to a medical facility.

Furthermore, there is an exceptional circumstances for the Court to take into consideration which is 1) the remainig of Movants terms is short and 2) that he has endure substantial bias during almost five years by the previous Judge which prevented him from receiving relief. Thus, exceptional circumstances exist which make the granting of release necessary to make the habeas corpus remedy effective. CALLE v. CALLAWAY, 496 F.2d 707, 702 (5th cir. 1974)(per curiam). See also, GLYNN v. DONNELLY, 470 F.2d 93 (1st cir. 1972); WOODCUCK v. DONNELLY, 470 F.2d 93 (1st cir. 1972); BENSON v. CALIFORNIA, 328 F.2d 159, (9th cir. 1969), cert. denied, 380 U.S. 951, 85 S. Ct. 1080, 13 L. Ed. 2d 970;

BOYER v. CITY, 402 F.2d, 966 (5th cir. 1968); BAKER v. SAND, 137 U.S. App. D.C. 139, 420 F.2d 1342 (1969).

The Movant remaining sentence is less than eight months, this should be considered as extraordinary reason for release so to make his collateral review truly effective. NOYD v. BOND, 395 U.S. 683, 689, 89 S. Ct. 1876, 23 L. ed. 2d 631 (1965)(all but two days of one year sentence served).

### V. MOVANT'S CLAIMS UNDER HIS § 2255 RAISES SUBSTANTIAL QUESTION

A sunstantial question is "one of more substance that would be necessary to finding that it was not frivolous", a "close question" or an order for a "new trial" cannot reasonably be construed to require the Court to predict the probability of reversal. This Court is not to be put in the position of "bookmakers" who trade on the probability of ultimate outcome. Rather, the language must be read as going to the significance of the sunstantial issue to the ultimate disposition of appeal.

### MATERIAL

The Movant in this case were denied his guarantee rights to a effective assistance from five court appointed attorneys. No investigation was conducted by the attorneys in this case nor any witnesses interviewed. Discovery were not inspected and investigation of the summary for accurance was never conducted.

The Movant was denied due process during his direct appeal process including when his attorney refused to file as requested motion to release pending appeal, the claim regarding amendment 791 which would have resulted in the reduction of two levels from the Movant's sentencing guideline, refusal to included in his appeal brief that the Movant compulsory rights to introduce witnesses were violated by the trial judge and by the agent Vanbrunt who when to one crucial witness house and threatened the witness nothing but troubling and later prevented the witness from entered the Courthouse.

(5)

The attorney also refused to challenge the alleged offense under § 1341 and the indictment which fail to state an offense (see memorandum of law).

The Movant contends that the court has not properly handled this case which leaded to this unfair process.

Worse, almost five year he was denied all and any opportunity to relief or to prove his innocence because unlawful bias conduct care by the judge in this case.

The Movant has served a substantial portion of the sentence imposed, if not all in this particular case. Combine the bias conduct care out by the judge, the claims set forth on the Movant's § 2255 and the Movant's remain terms, it is likely to result in reversal, a new trial or dismissal of the case. However, if it takes the normal time for this Court to make a decision, the Movant will be force to serve the entire term of his sentencing which was imposed under seriously consitutional rights. Thus, will make this § 2255 nugatory and worthless.

The ground set forth in the Movant's § 2255, the violations caused by bias are substantial in nature. And where such grounds and applicable law creates this potential for reversal, expecially when the Movant remaining sentence is short, to deny release pending this habeas corpus may be, as previous indicated, is to compel the Movant to serve his entire sentence which is imposed in violatons of the U.S. constitutional rights. Thus, makes the appeal nugatory and worthless. UNITED STATES v. GARCIA, 340 F.3d 1013, 1019 (9th cir. 2003). See also, GUPTA v. UNITED STATES, n. 12-4448.

It is obviously clear and convicing that in this case, the Movant has been wrongfully convicted and receive a harsh punishment because his unprofessional conduct as pro se litigant and for exercising his substantial rights. The Movant has no prior criminal record and has been involved in the community as record shows.

This Court should take into account the nature and seriousness of danger to any person or danger to the community that would poses by releasing him is, and has been found to be, inconsequential, if not, completely unfounded. The offenses alleged are not

crime of violence nor do they involve narcotic drugs. The Movant has lived in the United States over three decates and has been a community leader.

There can be no reasonable explanation to why the Movant receive such harsh sentence above of the sentence guideline in a criminal history 1 rather then bias. To cite an example of the injustice the Movant receive in this case, in UNITED STATES v. COLE, case number, 12-2663, this defendant plea guilty to the charge of mail fraud pursuant to § 1341 and his guideline level was 30 after receiving three level reduction for acceptance of responsability with a criminal history III that took him to 121-151 term of imprisonment. This defendant was sentenced to 84 months imprisonment.

In this case, the Movant was sentenced to the top of the guideline which was 87-108 months, as criminal history 1.

In UNITED STATES v. BYRON ALFONSON GONZALES-GONZALES, case number, 113 C1:15-2073-CR-KMW-05, this defendant was granted bail even know he was illegal in the United States. The Movant in the other hands was denied.

Nonetheless, the Court should grant this motion for release because in this case a miscarriage of justice occurred.

## VI. CONCLUSION

Wherefore, the Movant Rogerio Chaves Scotton moves this Court to request to be release in the interest of justice and without any further delay. The Movant request the court for the alternative to a home confinement.

Respectfully Submitted,

ROGERIO CHAVES SCOTTON
REG NO: 99370-004
D. RAY JAMES C.F.
P.O. BOX 2000
FOLKSTON GA 31537

(7)

## PROOF OF SERVICE

I Rogerio Chaves Scotton, do certify that on this May 14, 2019, I have served that attached motion to release pending § 2255 (which is under the Movant's constitutional rights) on the Southern District of Florida in the above proceeding. I have served this motion via, United States Postal Service (USPS) certified mail through, D. Ray James C.F. legal mail.

*[signature]*
ROGERIO CHAVES SCOTTON
REG NO: 99370-004
D. RAY JAMES C.F.
P.O. BOX 2000
FOLKSTON GA 31537

ROGERIO SCOTON
99370-004
D. Roy JONES CORRECTION FACILITY
P.O. BOX 2000
FOLKSTON GA 31537

7018 1830 0000 8766 8993

To: UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CLERK OFFICE ROOM 8N09
400 NORTH MIAMI AVENUE
MIAMI, FL 33128

Legal Mail!!!