**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-62428-CIV-WILLIAMS[1]**

ROGERIO CHAVES SCOTTON,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on the Report and Recommendation (the "***Report***") of Magistrate Judge Lisette M. Reid ("***Judge Reid***"). (DE 86.) Rogerio Chaves Scotton (the "***Movant***") filed a *pro se* motion to vacate under 28 U.S.C. § 2255 (the "***2255 Motion***"), following his convictions for 27 counts of mail fraud, in violation of 18 U.S.C. § 1341 (Counts 1-27), and 2 counts of making a false statement, in violation of 18 U.S.C. § 1001(a)(2) (Counts 28-29).[2] *U.S. v. Scotton*, No. 12-cr-60049, DE 94, DE 413 (S.D. Fla.

---

[1] This case was reassigned to this Court on March 28, 2019. (DE 22.)

[2] On April 12, 2016, Movant's conviction and sentence were affirmed on appeal. *See U.S. v. Scotton*, 647 F. App'x 947 (11th Cir. 2016). Movant has filed numerous *pro se* post-conviction motions challenging his conviction and sentence, two of which were recharacterized by the district court as motions to vacate pursuant to 28 U.S.C. § 2255. (DE 23 at 4 (referencing *Scotton v. U.S.*, No. 14-cv-62268 (S.D. Fla. 2014) and *Scotton v. U.S.*, No. 17-cv-60111 (S.D. Fla. 2017).)

On December 11, 2017, the Movant filed the 2255 Motion currently before this Court, which was denied as being a second or unauthorized successive 2255 Motion. (DE 7.) On April 29, 2019, the Eleventh Circuit determined that the previous Court's denial of the 2255 Motion (DE 7) was erroneous. (DE 23.) The Eleventh Circuit explained that the Court erred in dismissing the 2255 Motion as a second or unauthorized successive 2255 Motion since Movant's two prior Motions were recharacterized without first giving Movant the warnings required under *Castro v. U.S.*, 540 U.S. 375 (2003). (*Id.* at 4-5.)

Mar. 8, 2012). In the 2255 Motion, Movant claims he was denied effective assistance of counsel because: (1) his pretrial attorneys failed to prepare for trial, conduct discovery, investigate witnesses, and review the Government's evidence (DE 1 at 4, 15–19, 22–28); and (2) his appellate counsel, who was allegedly ineffective and operating under a conflict of interest, failed to file a motion for release pending appeal, review the relevant evidence to ascertain the accuracy of the spreadsheets, raise all *Brady* violations,[3] raise due process violations, request sentence correction pursuant to Amendment 791, raise *Giglio* violations,[4] challenge the obstruction of justice and sophisticated means enhancements prior to and at sentencing, and argue that the second superseding indictment, *U.S v.*

---

On April 30, 2019, pursuant to the appellate court's remand, this case was reopened and referred to Magistrate Judge Reid for a ruling on all pre-trial non-dispositive matters and for a Report and Recommendation on any dispositive matters. (DE 24.)

During the pendency of this case, Movant filed yet another motion challenging his conviction and sentence (the "**2019 Motion**"). *See Scotton v. U.S.*, No. 19-cv-60745 (S.D. Fla. 2019). The 2019 Motion was dismissed as duplicative of this case. *Id.* at DE 17.

[3] Specifically, as to the *Brady* claim, Movant asserts appellate counsel failed to: (1) review an immigration letter relied upon by the judge during a March 29, 2012 detention hearing reflecting that Movant's I-485 immigration application was denied (DE 1 at 32–33); (2) obtain the entire "A-File" and challenge on appeal that the Government's failure to turn over the A-File violated *Brady* because it "may have contained exculpatory evidence" (*id.* at 33); (3) assign as error the Government's withholding of Osvaine Duarte's video and letter in which Duarte stated Movant was not one of his clients (*id.* at 34); (4) object to the Government providing a blank CD during discovery that contained inaccurate spreadsheets (*id.* at 34–35); (5) argue on appeal that B&H Photo's FedEx account was opened prior to Movant's internet business (*id.* at 35–36); and (6) identify as error on appeal that the trial court refused to allow Movant to call twenty-nine defense witnesses at trial (*id.* at 36).

[4] Regarding the *Giglio* claim, Movant specifically asserts appellate counsel failed to assign as error that the Government: (1) denied granting Movant's ex-wife, Ailyn Mollinedo, immunity from prosecution (DE 1 at 37); (2) recruited witnesses by threatening them and creating a theory that Movant was seeking to kill an FBI agent and his wife (*id.* at 38–39); and (3) suborned perjury of FBI Agent Van Blunt and Fred Books (*id.* at 40–41).

*Scotton*, No. 12-cr-60049, DE 94 (S.D. Fla. July 18, 2013) (the "**Second Superseding Indictment**"), wrongfully charged mail fraud (*id.* at 5, 20–22, 28–47).

On December 14, 2020, Judge Reid issued the Report recommending that the Court deny the 2255 Motion and not issue a certificate of appealability. (DE 86 at 26). Movant filed objections to the Report (DE 94) and supplemental objections (DE 96) (jointly, the "**Objections**"). Upon an independent review of the 2255 Motion, Movant's Objections, and the record, it is **ORDERED AND ADJUDED** that the Report is **AFFIRMED AND ADOPTED IN PART** and the 2255 Motion is **DENIED**.

## I. STANDARD OF REVIEW

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendations to which objections are made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *U.S. v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) (per curiam) ("[A] party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with."); *Hidalgo Corp. v. J. Kogel Designs, Inc.*, No. 05-20476-CIV-JORDAN, 2005 WL 8155948, at *1 (S.D. Fla. Sept. 21, 2005); *see also* Fed. R. Civ. P. 72(b)(3).[5] "'Frivolous, conclusive, or general objections need not be considered by the district court.'" *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010)

---

[5] Although Federal Rule of Civil Procedure 72 is silent as to the standard of review, the U.S. Supreme Court has acknowledged that Congress' intent was to require *de novo* review only where objections have been properly filed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Any portions of the Report to which no specific objection is made are reviewed only for clear error. *See id.* ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam).

(per curiam) (first quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir.1988); and then quoting *Schultz,* 565 F.3d at 1360). Moreover, a movant's failure to properly object to a magistrate's report "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *Harrigan v. Metro Dade Police Dep't Station* #4, 977 F.3d 1185, 1191 (11th Cir. 2020) (citation omitted).

## II. DISCUSSION

Movant's Objections primarily reiterate arguments raised in the initial 2255 Motion or offer general objections to Judge Reid's Report. (*Compare* DE 94, *and* DE 96, *with* DE 1.) However, construing the Objections liberally, the Court identifies and addresses specific objections to two findings in the Report: (1) that a blank CD was not provided by the Government pretrial; and (2) that Movant was barred procedurally from raising his effective assistance of counsel claim.

### A. The Blank CD

Movant asserts that Judge Reid erred in finding that, "it was clear that the blank CD had not been provided by the Government." (DE 94 at 16 (citing DE 86 at 18).) Movant argues that the Magistrate Judge's finding is totally "false" because the evidence shows a blank CD was provided to the Movant by the Government. (*Id.* at 16). In support, Movant states that both the blank CD and the "fresh" duplicate CD had FBI Agent Roy Van Blunt's handwriting on them. (*Id.* at 16-17.)

At the time the issue of the blank CD (Exhibit 500) came up during trial, the Government indicated that the blank CD Movant referred to was not the CD it produced in discovery. *U.S. v. Scotton*, No. 12-cr-60049, DE 511 at 128–33 (S.D. Fla. Aug. 19, 2014). The Government then provided a copy of the produced, bates-stamped CD that

did have the spreadsheets on it. *Id.* The Government confirmed that the CD with the spreadsheets was first produced in May or June 2012 to Movant's counsel, and then again to Movant's next counsel, Mr. Adelstein, on June 14, 2013. *Id.* at 133–34 Further, the Government stated that "[t]he spreadsheets were produced in discovery" and previously brought to the Court in August of 2013, in accordance with a prior Court order. *Id.* at 127. The Government surmised that the blank CD "may be a copy someone made" for Movant who did not conduct a "quality control" check on the CD copy before giving it to the Movant. *Id.* at 128–33.

The Court found that Exhibit 500—the photocopy of the CD—had been provided to the defense in discovery. *Id.* at 132–33. The Court further found that the CD was given to Movant with plenty of time "to have reviewed it, and if it had been blank, for him to have discovered it before two days into trial." *Id.* Thus, Judge Reid found that, in light of the trial court record, "counsel was not ineffective for failing to raise this meritless claim on appeal." (DE 86 at 18). On this record, Movant has not demonstrated that Judge Reid's findings are unsupported by the record. Thus, Movant's Objections as to the issue of the blank CD are **OVERRULED**.

### B. Movant's Effective Assistance of Counsel Claim

Movant asserts that appellate counsel failed to assign as error that the Second Superseding Indictment wrongfully charged 27 counts of mail fraud, in violation of 18 U.S.C. § 1341. (DE 1 at 5, 43.) Movant claims he operated "a legitimate registered internet retail store throughout the Brazilian community and Brazil, none of whom have ever been defrauded or lodged one complaint against him." (*Id.* at 43.) Movant alleges the jury was confused as to the mail fraud counts, which state that Movant used FedEx, UPS, and

DHL accounts under his own name to ship packages without paying for the shipping services, or by fraudulently creating accounts in the name of other entities to ship packages under his own account. (*Id.* at 43, 47.) Movant maintains that the Government failed to provide a "proper, precise definition of scheme to defraud," and that his conviction was invalid because the jury was instructed to make findings about the elements of "a scheme to defraud." (*Id.* at 45.)

Judge Reid found that the claim was procedurally barred because it "could have been presented on direct appeal," and Movant did not provide "any explanation of cause" to excuse the bar. (DE 86 at 25.) Movant objects, claiming Judge Reid erred in this finding. (DE 94 at 36.) The Court agrees with Movant. This claim, challenging Movant's appellate counsel's ineffectiveness, is not procedurally barred. It is well established that an ineffective-assistance-of-counsel claim may not be procedurally defaulted from review in a Section 2255 proceeding, regardless of whether it could have been raised on direct appeal. *See Massaro v. U.S.*, 538 U.S. 500, 509 (2003) ("We do hold that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255."). Thus, Judge Reid's finding that the claim was procedurally barred is erroneous. Nevertheless, on *de novo* review, the Movant is not entitled to relief on this claim.

Movant has not demonstrated deficiency or prejudice arising from its counsel's failure to assign as error that the Second Superseding Indictment did not set forth cognizable mail fraud violations as to Counts 1 through 27. Title 18 U.S.C. § 1341 provides that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by

> means of false or fraudulent pretenses, representations, or promises, ... places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, ... shall be fined under this title or imprisoned not more than 20 years, or both.

To convict under the mail fraud statute, the government must prove that a person: "(1) intentionally participates in a scheme or artifice to defraud another of money or property, and (2) uses or 'causes' the use of the mails or wires for the purpose of executing the scheme or artifice." *U.S. v. Langford*, 647 F.3d 1309, 1320 (11th Cir. 2011) (citation omitted); *U.S. v. Hewes*, 729 F.2d 1302, 1320 (11th Cir. 1984). "The first element—a scheme or artifice to defraud—'involves the making of misrepresentations intended and reasonably calculated to deceive persons of ordinary prudence and comprehension.'" *U.S. v. Ward*, 486 F.3d 1212, 1222 (11th Cir. 2007) (quoting *Beck v. Prupis*, 162 F.3d 1090, 195 (11th Cir. 1998)). As to the second element, "a person 'causes' the mails to be used within the meaning of 18 U.S.C. § 1341 . . . when he acts 'with knowledge that the use of the mails [or wires] will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended.'" *Ward*, 486 F.3d at 1222 (alteration in original) (quoting *Pereira v. United States,* 347 U.S. 1, 8–9 (1954)).

To prove that defendants have the intent to defraud, "the Government has to prove that the defendants either knew they were making false representations or acted with 'reckless indifference to the truth.'" *See U.S. v. Wheeler*, 16 F.4th 805, 819 (11th Cir. 2021) (per curiam), *cert. denied*, 142 S. Ct. 2794 (2022), and *cert. denied sub nom. Topping v. U.S.*, 142 S. Ct. 2847 (2022). Put another way, the Government must prove

that the defendants intended to deceive and harm the victim (*i.e.*, to deceive the victim about something that affected the "value of the bargain"). *U.S v. Takhalov*, 827 F.3d 1307, 1313 (11th Cir. 2016).

Movant has not demonstrated how the Second Superseding Indictment or the facts adduced at trial do not support the 27 counts of mail fraud. Movant argues that the allegations of mail fraud—which are premised on Movant having shipped 27 packages without paying the ship service—"never mentioned losses," and therefore confused the jury. (DE 94 at 36.) This argument is patently frivolous. The evidence adduced at trial supports Movant's mail fraud convictions. The Eleventh Circuit, in affirming Movant's convictions, found as follows:

> Rogerio Chaves Scotton, a Brazilian national, owned several online retail stores. In order to ship the items he sold online, he opened a number of UPS, FedEx, and DHL Express accounts in his name or in the name of entities he controlled. Whenever one of those accounts became delinquent, he would set up a new account in the name of another entity he controlled or in the name of an established business with which he was not associated. Scotton also lied to immigration officials about unrelated matters when he applied to become a legal permanent resident.

*See U.S. v. Scotton,* 647 F. App'x 947, 948 (11th Cir. 2016) (per curiam). Given the evidence adduced at trial, the Government met its burden in proving mail fraud. Therefore, Movant has not demonstrated deficiency or prejudice arising from appellate counsel's failure to pursue this non-meritorious claim on direct appeal.

### C. General Allegations and Issues Not Presented to the Magistrate Judge

To the extent Movant generally realleges facts and arguments relating to his claims regarding pre-trial and appellate counsel, which the Report thoroughly addressed, such argument is improper. *See Leatherwood*, 384 F. App'x at 857. Further, to the extent

Movant makes allegations and arguments that were not previously presented to the Magistrate Judge, the Court declines to consider them. *See Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1274 (11th Cir. 2014) (holding that a district court does not abuse its discretion by declining to consider evidence never mentioned before or submitted to the magistrate judge); *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge); *see also Barcelona v. Rodriguez*, 847 F. App'x 739, 741 n.2 (11th Cir. 2021) (per curiam) (holding that the district court acted within its discretion in declining to consider factual allegations and arguments plaintiff presented for the first time in his objections to the report and recommendation). Indeed, "requiring the district court to consider new arguments raised in the objections effectively would eliminate efficiencies gained through the Magistrates Act and would unfairly benefit litigants who could change their tactics after issuance of the magistrate judge's report and recommendation." *Williams*, 557 F.3d at 1291.

### D. Evidentiary Hearing

Movant's request for an evidentiary hearing is **DENIED** because "the motion and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b); *see also Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

### E. Certificate of Appealability

A certificate of appealability ("COA") is appropriate only where the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To

justify a COA, therefore, the Movant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a district court has disposed of claims . . . on procedural grounds, a COA will be granted only if the court concludes that 'jurists of reason' would find it debatable both 'whether the petition states a valid claim of the denial of a constitutional right' and 'whether the district court was correct in its procedural ruling.'" *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001) (quoting *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000)). Because reasonable jurists would not find the Court's resolution of the Movant's claims debatable or wrong, a certificate of appealability shall not issue.

### III. CONCLUSION

Upon an independent review of the 2255 Motion, the Report, Movant's Objections, the record, and applicable case law, it is **ORDERED AND ADJUDGED** that:

1. The conclusions in the Report (DE 86) are **AFFIRMED AND ADOPTED IN PART**;
2. The Motion to Vacate (DE 1) is **DENIED**;
3. A certificate of appealability **SHALL NOT ISSUE**;

    4.       All pending motions are **DENIED AS MOOT**; and

    5.       The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida on this <u>2nd</u> day of September, 2022.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

cc:

Rogerio Chaves Scotton, *Pro Se*
5201 Blue Lagoon Dr., Suite 800
Miami, FL 33126
Email: rs@scottonracing.com

Bertha R. Mitrani, AUSA
United States Attorney's Office
500 E. Broward Boulevard, 7th Floor
Fort Lauderdale, FL 33301-3002
Email: bertha.mitrani@usdoj.gov